**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ROGER J. THOMAS,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-0752-16-0332-I-1 |
| 　　　　v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DATE: December 16, 2016 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Brent W. Fode, Inglewood, California, for the appellant.

Maureen Ney, Esquire, Los Angeles, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed without good cause shown. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND his whistleblower reprisal, Veterans Employment Opportunity Act

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

(VEOA), and Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) claims.

## BACKGROUND

¶2     Effective January 31, 2016, the agency removed the appellant from his position for failure to maintain a regular work schedule. Initial Appeal File (IAF), Tab 7 at 20. On January 22, 2016, the agency mailed the appellant three copies of the removal decision—one by the United Parcel Service (UPS) and a second by U.S. Postal Service certified mail to his home address, and a third by U.S. Postal Service certified mail to his post office box (P.O. Box). *Id.* at 24-25. On January 25, 2016, the appellant's supervisor telephoned him to advise him that the removal decision had been issued and read the letter to him. *Id.* at 18. The appellant alleged that he did not timely receive copies of the removal decision sent to his home because the agency addressed them to the wrong apartment number. IAF, Tab 1 at 8. However, it is undisputed that the third letter was delivered to his P.O. Box on January 27, 2016. IAF, Tab 3 at 6, Tab 14 at 24. Despite receiving two notifications of this delivery, on January 27 and February 3, 2016, he did not claim the letter, and the U.S. Postal Service returned it to the agency. IAF, Tab 3 at 6, Tab 14 at 24.

¶3     The removal decision informed the appellant of his right to appeal to the Board within 30 calendar days of the effective date of his removal or his receipt of the agency's decision, whichever was later. IAF, Tab 7 at 20-21. The appellant filed his appeal on March 7, 2016, alleging therein that it was not untimely because "although the UPS delivery notice is dated February 5, 2016, [he] did not receive the 'Removal' letter until after that date because it was sent to the wrong apartment number" and "[t]his delayed [his] receipt of the package for about 10 days." IAF, Tab 1 at 8, 33. He also indicated that he was suffering from multiple medical conditions at the time. IAF, Tab 1 at 25-26, Tab 10, Tab 12.

¶4       The appellant further argued that his removal was in retaliation for whistleblowing, a claim he potentially raised with the U.S. Office of Special Counsel (OSC) before filing his appeal. IAF, Tab 1 at 3, 15-16, 23, 26. He also indicated that he is a preference-eligible veteran, and checked the box reflecting that his removal violated VEOA and USERRA. *Id.* at 1, 3.

¶5       The administrative judge issued an order notifying the appellant of his burden of proving either that his appeal was timely, or if untimely, there was good cause for the delay. IAF, Tab 9. She further explained that he could be deemed to have received the agency's decision if he failed to collect the mail from his P.O. Box, and she apprised him of the requirements for showing good cause based on illness. *Id.* at 4-5. She did not notify him of his jurisdictional burdens. *Id.* The appellant's later submissions only discussed his medical conditions. IAF, Tabs 10, 12. The agency submitted additional evidence of mailing and delivery of the removal decision. IAF, Tab 14 at 9-13, 24.

¶6       After reviewing these submissions and without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal as untimely filed without good cause shown. IAF, Tab 1 at 1, Tab 15, Initial Decision (ID) at 1, 11. She found that the appellant's supervisor notified him of the issuance of the removal decision on January 25, 2016; that the agency properly addressed and mailed the third copy of the removal decision to his P.O. Box; and that he failed to claim it at his P.O. Box, despite receiving delivery notifications. ID at 7-8. Thus, she deemed the appellant to have received that copy of the removal decision by January 29, 2016, two days after the U.S. Postal Service provided him with its first notice of delivery to his P.O. Box. ID at 8. The administrative judge therefore found that because the appellant received the decision before the January 31, 2016 effective date of his removal, he had 30 days from that date, until March 1, 2016, to file his appeal. *Id.* Finally, she found that even considering the appellant's pro se status, he did not show good cause for the delay, as he was aware of the importance of filing on time, he did not explain how

his medical condition affected his ability to file on time or to request an extension, and he did not otherwise explain the delay. ID at 8-11.

¶7      The appellant has filed a request to reopen his appeal, which the Clerk of the Board construed as a petition for review.[2] Petition for Review (PFR) File, Tabs 3-5. The agency has not filed a response.[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's petition for review is timely filed.

¶8      The appellant contends that his petition for review is timely because he did not receive the administrative judge's April 6, 2016 timeliness order, April 13, 2016 status conference summary, and May 3, 2016 initial decision until May 25, 2016. PFR File, Tab 3, Tab 4 at 5, 8, 12-13. Because the appellant filed his petition for review within the July 7, 2016 extended deadline to file granted by the Clerk, we find that it is timely. PFR File, Tabs 2-4; *see* 5 C.F.R. § 1201.114(f) (permitting the Board to extend the deadline to file a petition for review upon a showing of good cause).

The appellant's removal claim was untimely filed.

¶9      To the extent that the appellant is arguing on review that he did not receive notice of his burden to prove the timeliness of his appeal below until May 25, 2016, we find that this alleged delay does not affect the outcome of his removal claim. The appellant was on notice of his burden to establish the timeliness of his appeal and the administrative judge's basis for dismissing his

---

[2] Although the appellant titled his pleadings on review as a request to reopen, the Clerk of the Board properly construed them as a petition for review. 5 C.F.R. §§ 1201.114(a)(1) (defining a petition for review as a pleading challenging the initial decision), 1201.118 (reflecting that a request to reopen is properly made after the Board's decision is final); Petition for Review (PFR) File, Tab 3 at 2.

[3] After the record closed, the appellant submitted an additional pleading. PFR File, Tab 8. Though the appellant did not properly file a motion to obtain leave from the Office of the Clerk of the Board to submit an additional pleading, *see* 5 C.F.R. § 1201.114(a)(5), the administrative judge may consider this pleading, if relevant, on remand.

appeal when he filed his timely petition for review. *See Melendez v. Department of Homeland Security*, 112 M.S.P.R. 51, ¶ 9 (2009) (finding that the agency's motion to dismiss and the initial decision cured the failure to notify the appellant of his burden on timeliness, and thus, he was afforded the opportunity to meet his burden on petition for review).

¶10    On review, the appellant reiterates his timeliness arguments from below and raises two new arguments that: (1) his home address is the only relevant address because it his official mailing address on file with the U.S. Postal Service; and (2) according to a U.S. Postal Service manual, the removal decisions were not "delivered" because he did not personally sign for them. PFR File, Tab 4 at 19‑20. Even if we consider these arguments, we find that they, along with the appellant's remaining arguments, do not establish a basis for disturbing the administrative judge's finding that his appeal was untimely filed without good cause shown.

¶11    On review, the appellant asserts that the agency's failure to mail the removal decision to his correct home address prevented him from receiving it until "on or after February 13, 2016." *Id.* at 18-19, 21. He does not contest the administrative judge's underlying findings concerning the delivery of the removal letter to his P.O. Box. We discern no error with the administrative judge's reliance on the P.O. Box delivery for finding the appeal untimely filed.

¶12    An appellant bears the burden of proving by preponderant evidence that his appeal was timely filed. 5 C.F.R. § 1201.56(b)(2)(i)(B). Generally, an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed or 30 days after the date of receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). The Board will dismiss an untimely filed appeal unless good cause is shown for the delay. 5 C.F.R. § 1201.22(c).

¶13    Correspondence properly addressed and sent to an appellant's address by postal delivery is presumed to have been duly delivered to him. 5 C.F.R.

§ 1201.22(b)(3)[4]; *see Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 7 (2007) (presuming properly addressed correspondence to be received by the addressee 5 days after mailing). An appellant may not avoid service by intentionally or negligently frustrating actual service of properly addressed and mailed correspondence. 5 C.F.R. § 1201.22(b)(3). Thus, an appellant who fails to pick up mail delivered to his P.O. Box may be deemed to have received the agency decision.[5]

¶14    Here, the agency was entitled to the presumption of delivery because it mailed the removal decision to the appellant's P.O. Box, and he intentionally or negligently failed to claim it. IAF, Tab 3 at 6, Tab 14 at 24. Thus, the administrative judge correctly deemed the appellant to have received the removal decision before the January 31, 2016 effective date. As such, we discern no error with her finding that the appellant had 30 days after the effective date of his removal, until March 1, 2016, to file his appeal. Because the appellant did not file his appeal until March 7, 2016, we find that it is untimely by 6 days.

---

[4] The standard set forth in section 1201.22(b)(3), which was revised in 2012, states that:

> [an] appellant is responsible for keeping the agency informed of his or her current home address for purposes of receiving the agency's decision, and correspondence which is properly addressed and sent to the appellant's address via postal or commercial delivery is presumed to have been duly delivered to the addressee. While such a presumption may be overcome under the circumstances of a particular case, an appellant may not avoid service of a properly addressed and mailed decision by intentional or negligent conduct which frustrates actual service . . . .

In addition, section 1201.22(b)(3) provides several illustrative examples of the rule's application, including:

> *Example A*: An appellant who fails to pick up mail delivered to his or her post office box may be deemed to have received the agency decision.

[5] When a statute or a regulation "deems" something to have been done, the event is considered to have occurred whether or not it actually did. *Maurer v. Office of Personnel Management*, 84 M.S.P.R. 156, ¶ 12 (1999), *aff'd*, 236 F.3d 1352 (Fed. Cir. 2001).

<u>The appellant has not shown good cause for the delay in filing his removal appeal.</u>

¶15    To determine if the appellant has shown good cause for the delay, the Board will consider the length of the delay; the reasonableness of his excuse and his showing of due diligence; whether he is proceeding pro se; and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his Board appeal. *Moorman v. Department of the Army*, [68 M.S.P.R. 60](#), 62‑63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶16    To establish that an untimely filing was the result of an illness, the party must identify the time period during which he suffered from the illness; submit medical evidence showing that he suffered from the alleged illness during that time period; and explain how the illness prevented him from timely filing his petition or a request for an extension of time. *Lacy v. Department of the Navy*, [78 M.S.P.R. 434](#), 437 (1998). We recognize that the appellant was suffering from various medical conditions during the filing period. However, he did not explain how those conditions caused his filing delay. IAF, Tabs 10, 12. An appellant's generalized claim of medical problems without a specific explanation of how the problems prevented him from meeting the filing deadline does not constitute good cause. *Olson v. U.S. Postal Service*, [66 M.S.P.R. 383](#), 387 (1995).

¶17    Weighing in the appellant's favor is that he was pro se below and that the 6‑day filing delay was minimal. *See Hollingsworth v. Defense Commissary Agency*, [82 M.S.P.R. 450](#), ¶ 9 (1999) (finding that a 6-day delay was minimal). However, the removal notice clearly apprised the appellant of the deadline to file, and his supervisor informed him of the removal decision a week before its effective date. IAF, Tab 7 at 18, 21-22. The appellant was aware of the importance of filing on time. IAF, Tab 1 at 8. Therefore, as properly determined by the administrative judge, we find that the appellant did not demonstrate due

diligence or ordinary prudence that would make a good cause finding appropriate.[6]

<u>The administrative judge failed to notify the appellant of his burden to nonfrivolously allege jurisdiction over his individual right of action appeal and his USERRA and VEOA claims.</u>

¶18    The appellant alleged that he filed a whistleblower reprisal complaint with OSC in May 2015, and indicated that he was filing an individual right of action (IRA) appeal over his removal.  IAF, Tab 1 at 3.  He also submitted a "whistleblower complaint" that he purportedly filed with the "Whistleblower Investigations Program." *Id.* at 19.  He argued that the agency removed him, and took other actions against him, in retaliation for seeking reasonable accommodations, making protected disclosures, and filing complaints. *Id.* at 19-26.  His whistleblower reprisal claims may be the basis for an IRA appeal. *See Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016) (observing that the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)).  Although the appeal was originally docketed as an IRA appeal, the administrative judge redocketed it as a removal appeal, observing that the appellant could still assert an affirmative defense of reprisal for whistleblowing.  IAF, Tab 4.  Because the removal claim

---

[6] The appellant claimed that he was denied due process because the agency did not designate a hearing location, as ordered by the administrative judge.  PFR File, Tab 1; IAF, Tab 8 at 4.  However, the administrative judge subsequently cancelled the scheduled hearing, upon finding that the appeal was untimely filed.  ID at 11.  Because she properly dismissed the removal claim on that basis, the appellant was not entitled to a hearing on the merits of that claim. *Chavez v. Office of Personnel Management*, 46 M.S.P.R. 390, 392 n.2 (1990) (declining to address the merits of an appeal because the administrative judge properly dismissed it as untimely filed).

was dismissed as untimely filed, the appellant was effectively denied the opportunity to establish Board jurisdiction over his whistleblower claim as an IRA appeal.

¶19        The appellant, whose veterans' status is undisputed, also indicated that he was raising a VEOA or USERRA claim in connection with his removal by checking the appropriate boxes on his appeal form.  IAF, Tab 1 at 3; *see Livingston v. Office of Personnel Management*, 105 M.S.P.R. 314, ¶ 13 (2007) (finding that because the appellant, a preference eligible, checked the appropriate box on his appeal form, he raised a USERRA claim and thus, was entitled to jurisdictional notice on that claim).  Although the removal appeal was untimely, the Board should consider the appellant's allegations that the adverse action was taken in violation of USERRA or VEOA as separate claims.  *See Aguilar v. U.S. Postal Service*, 102 M.S.P.R. 102, ¶ 8 (2006), *aff'd per curiam*, No. 2006-3327, 2007 WL 706844 (Fed. Cir. Mar. 9, 2007).

¶20        However, the administrative judge failed to provide the appellant with explicit notice of how to establish jurisdiction over his IRA, USERRA, or VEOA appeals, and the agency's response did not put him on notice of the jurisdictional requirements for those allegations.  Because the appellant was not informed of how jurisdiction for those appeals could be established, remand is appropriate. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (finding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue).

## ORDER

¶21        For the reasons discussed above, we remand the IRA appeal and VEOA and USERRA claims to the Western Regional Office for further adjudication in accordance with this remand order.  The administrative judge should provide the appellant with specific notice of the jurisdictional burdens for his IRA appeal and VEOA and USERRA claims and an opportunity to present evidence and argument

regarding the Board's jurisdiction. If the appellant establishes jurisdiction over any of his claims, the administrative judge shall decide such claims on the merits.


FOR THE BOARD:             _____

                                              Jennifer Everling
                                              Acting Clerk of the Board

Washington, D.C.